UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-127-RJC

| | |
|---|---|
| HAROLD PARKER, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     **ORDER**<br>) |
| SAMI HASSAN, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on its own motion.

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 while housed as an inmate in the Polk Correctional Institution. On June 11, 2013, Plaintiff filed a motion for a change of venue seeking to transfer this case to the Middle District of North Carolina on the ground that he plans to relocate there following his release, which Plaintiff projects would occur on October 27, 2013. A review of the website of the North Carolina Department of Public Safety shows that Plaintiff was in fact released on October 27, but the Court's docket still reflects that Plaintiff's address is Polk Correctional.

A plaintiff has a duty to prosecute his case and that includes providing the Court with current information on his mailing address. A failure to do so can support a dismissal of a civil action. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989); Hilling v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990) (discussing relevant factors for consideration prior to dismissal for failure to prosecute). See also Fed. R. Civ. P. 41(b).

1

The Court will Order that Plaintiff provide a new address within 14 days from entry of this Order. Failure to do so will result in dismissal of this case without further notice.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall provide the Court with a current mailing address within fourteen (14) days from entry of this Order. Failure to do so will result in dismissal of this civil case without prejudice.

The Clerk is directed to mail this Order to Plaintiff's last known address.

Signed: December 3, 2013

Robert J. Conrad, Jr.
United States District Judge